

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SHANNON DARRELL DAVIS, | § § | |
| Petitioner, | § § | |
| v. | § § | No. 4:10-CV-092-A |
| RICK THALER, Director,<br>Texas Department of Criminal<br>Justice, Correctional<br>Institutions Division, | § § § § § | |
| Respondent. | § § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Shannon Darrell Davis, a state prisoner currently incarcerated in Abilene, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

### I. Factual and Procedural History

On November 29, 2006, a jury convicted petitioner of capital murder in the Criminal District Court Number One of Tarrant County, Texas, and the trial court assessed an automatic life sentence.

(State Habeas R. at 147)  Petitioner appealed his conviction, but the Second District Court of Appeals of Texas affirmed the trial court's judgment, and, on June 25, 2008, the Texas Court of Criminal Appeals refused his petition for discretionary review. *Davis v. State*, No. 02-06-430-CR, slip op. (Tex. App.-Fort Worth Feb. 28, 2008) (not designated for publication); *Davis v. State*, PDR No. 598-08.  Petitioner did not seek writ of certiorari. (Petition at 2)  Petitioner filed a state habeas application challenging his conviction on September 16, 2009, which was denied without written order by the Texas Court of Criminal Appeals on November 18, 2009.  *Ex parte Davis*, Application No. WR-72,944-01. This petition was filed on February 5, 2010, in which petitioner challenges his conviction on nine grounds.  As ordered, Respondent has filed a preliminary response addressing only the issue of limitations, to which petitioner filed a reply.

## II. STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners.  Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–

2

      (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

      (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, petitioner's conviction became final and the one-year limitations period began to run upon expiration of the time that petitioner had for filing a petition for writ of certiorari in the United States Supreme Court on

September 23, 2008, and closed one year later on September 23, 2009, absent any tolling. *See id.* § 2244(d)(1)(A); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); SUP. CT. R. 13. Under the statutory tolling provision, the federal limitations period was tolled during the pendency of petitioner's state habeas application, or 63 days, making his petition due on or before November 25, 2009. 28 U.S.C. § 2244(d)(2); FED. R. CIV. P. 6(a)(1)(A).

Petitioner agrees that his petition is untimely, faulting, in large part, "the prison system" for his untimeliness, and he seeks additional tolling as a matter of equity. Equitable tolling is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling is warranted principally when the petitioner is actively misled by the defendant or is prevented in some extraordinary way from asserting his rights. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). In order for equitable tolling to apply, the petitioner must diligently pursue habeas relief. *Id.* The petitioner bears the burden of

establishing entitlement to equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner contends his untimeliness was due to periods of "lock down" in the prison in which he is confined-*i.e.*, during an illness affecting 80 percent of the inmate population and during the prison's yearly "shake-down," both of which suspended his access to the law library. (Pet'r Traverse at 1) Petitioner has not demonstrated that he was actively misled by the state or prevented in some extraordinary way from filing his federal petition in a timely manner. His general contention that the unit on which he is incarcerated experienced periods of lock down does not provide any specific basis to support equitable tolling. *See Abrego v. Cockrell*, No. 4:01-CV-379-Y, 2002 WL 220065, at *1 n.1 (N.D. Tex. Feb. 12, 2002). Furthermore, periods of lock down do not constitute rare and exceptional circumstances that would warrant equitable tolling of the limitations period. *See Hoover v. Quarterman*, No. H.07-2964, 2007 WL 4378010, at *3 (S.D. Tex. Dec. 12, 2007).

Petitioner's federal petition was due on or before November 25, 2009. His petition filed on February 5, 2010, was filed beyond the limitations period and is, therefore, untimely.

For the reasons discussed herein,

The court ORDERS respondent's motion to dismiss is granted and the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED May 18, 2010.

_____
JOHN McBRYDE
United States District Judge